UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIEQUAN OMOND RILEY, #314670,

    Petitioner,

                  CASE NO. 2:08-CV-11574
v.                  HONORABLE PAUL D. BORMAN

LLOYD RAPELJE,

    Respondent.
                 /

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

  Michigan prisoner Tiequan Omond Riley ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for second-degree murder, armed robbery, first-degree home invasion, felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during the commission of a felony which were imposed following a guilty plea in the Genesee County Circuit Court in 2007. Petitioner was sentenced to concurrent terms of 480 to 800 months imprisonment on the murder and robbery convictions, 96 to 240 months imprisonment on the home invasion conviction, concurrent terms of 24 to 60 months imprisonment on the felon in possession and concealed weapon convictions, and a consecutive term of two years imprisonment on the felony firearm conviction.

  In his pleadings, Petitioner raises claims concerning the voluntariness of his plea and the factual basis for his plea. Respondent has filed an answer to the petition contending that it should be denied. For the reasons stated herein, the Court agrees and denies the petition. The Court also

denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## I. Facts and Procedural History

Petitioner's convictions arise from the home invasion, armed robbery, and shooting death of Benjamin Clemmons at his home in Flint, Michigan on April 13, 2006. Petitioner was initially charged with first-degree murder, armed robbery, home invasion, and several weapons offenses. On January 3, 2007, in exchange for dismissal of the first-degree murder charge, Petitioner pleaded guilty to second-degree murder and the other offenses and agreed to testify against co-defendant Andraus McCloud pursuant to a plea bargain. At that plea hearing, the trial court advised Petitioner of the charges and the maximum sentences that he faced for each offense. The trial court also advised Petitioner of his rights and the fact that he would be giving up certain rights upon pleading guilty. Petitioner confirmed that he had consulted with counsel, that he understood the charges, the possible sentences that he faced, and the terms of the plea agreement, and that he was pleading guilty of his own free will. Petitioner also recounted the facts of the crime in response to questioning by the attorneys and the court. Petitioner admitted that he agreed to participate in the home invasion and robbery of the victim with the intent to take drugs and money, that he and co-defendant McCloud were masked and armed with guns when they entered the victim's home, that McCloud shot and killed the victim, and that they took money from the home before fleeing the scene. The trial court accepted the plea.

On April 25, 2007, Petitioner moved to withdraw his plea claiming that he misunderstood the consequences of his plea because he thought that he would be released after serving his minimum sentence, not that he would merely be eligible for parole at that time. Following a hearing, the trial court denied the motion finding that the plea was knowing, intelligent, and voluntary. On

2

June 7, 2007, the trial court sentenced Petitioner to the terms of imprisonment noted above.

Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that his plea was invalid because he misunderstood the value and consequences of the plea bargain. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Riley*, No. 280478 (Mich. Ct. App. Oct. 12, 2007) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as a claim that the record did not contain a sufficient factual basis for his second-degree murder plea. The Michigan Supreme Court denied leave to appeal in a standard order. *See People v. Riley*, 480 Mich. 1077, 744 N.W.2d 159 (2008).

Petitioner thereafter filed the instant petition asserting that he is entitled to habeas relief because he misunderstood the value and consequences of his plea bargain and because the record did not establish a sufficient factual basis for his second-degree murder plea. Respondent has filed an answer to the petition contending that it should be denied because the first claim lacks merit and the second claim is not cognizable upon habeas review. Petitioner has filed a reply to that answer.

## II. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable

3

> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so

4

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, §2254(e)(1) requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Analysis

#### A. Invalid Plea Claim

Petitioner first asserts that he is entitled to habeas relief because his guilty plea was invalid. Specifically, Petitioner claims that he misunderstood the nature and consequences of his plea bargain. Respondent contends that this claim lacks merit.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is

5

advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The defendant need only be aware of the direct consequences of the plea. The trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea. *See King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994); *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir. 1983). Generally, a plea is valid if it "represents a voluntary and intelligent choice among alternative courses of action." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Petitioner asserts that he did not understand the value and consequences of his plea bargain because he thought that he would be released after service of his minimum sentence, not merely considered for parole at that time. The trial court denied relief on this claim finding that Petitioner was properly advised of his rights and the maximum sentences that he faced and that his plea was knowing, intelligent, and voluntary. Both Michigan appellate courts denied leave to appeal.

The state courts' denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 27 years old and had significant prior experience with the criminal justice system. There is no indication that he suffered from any medical or mental condition that impaired his ability to understand the proceedings or the nature of his plea. Petitioner responded appropriately to questions and recounted the events of the crime. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of the rights that he would be giving up by pleading guilty. The court discussed the plea agreement and informed Petitioner of the maximum sentences he faced upon conviction. Petitioner indicated that he understood the plea

bargain, was pleading guilty of his own free will, and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to tender his plea.

Petitioner claims that he pleaded guilty under the mistaken belief that he would be released after he served his minimum sentence. Petitioner's claim conflicts with his sworn testimony at the plea hearing when he stated that he understood the terms of the plea bargain and the maximum sentences he faced and when he denied being promised anything beyond what was stated on the record. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner has not established that he was misinformed about the direct consequences of his plea.

Moreover, even if Petitioner was mistaken or misadvised about his plea, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record shows that the trial court conducted a proper colloquy. Moreover, the trial court had no obligation to discuss parole eligibility issues. *See Hill*

*v. Lockhart*, 474 U.S. 52, 56 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary."); *McAdoo v. Elo*, 365 F.3d 487, 495 (6th Cir. 2004); *see also James v. Cain*, 56 F.3d 662, 666-67 (5th Cir.1995) ("as long as the defendant understands the length of time he might possibly receive, he is fully aware of the plea's consequences"). The trial court informed Petitioner of the maximum sentence for each offense and Petitioner acknowledged his understanding of such matters. The fact that he was subsequently dissatisfied with his plea or hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

## B. Factual Basis Claim

Petitioner next asserts that he is entitled to habeas relief because he did not provide a sufficient factual basis for his plea to second-degree murder. Respondent contends that this claim is not cognizable on habeas review. This Court agrees.[1]

Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A

---

[1]The Court notes that this claim appears to be unexhausted because Petitioner did not raise it before the Michigan Court of Appeals and his presentation of the claim to the Michigan Supreme Court on discretionary review did not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). The Court shall nevertheless address the claim, despite lack of exhaustion, because the claim lacks merit and addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See Alford*, 400 U.S. at 37 ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. As discussed *supra*, Petitioner has not shown, nor does the record indicate, that his plea fails to meet that requirement. Habeas relief is not warranted on this claim.[2]

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's

---

[2] The Court also notes that, contrary to Petitioner's assertion, his responses to questions during the plea hearing provided a sufficient factual basis for his plea to second-degree murder, as well as the other charged offenses. To be sure, his recounted actions were sufficient to support a first-degree murder conviction under Michigan law. *See* Mich. Comp. Laws § 750.316.

9

assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that...jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 7, 2010.

S/Denise Goodine
Case Manager