UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIEQUAN OMOND RILEY, #314670,

       Petitioner,

                                                                                                                       CASE NO. 2:08-CV-11574
v.                                                                                          HONORABLE PAUL D. BORMAN

LLOYD RAPELJE,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

      This matter is before the Court on Petitioner Tiequan Omond Riley's *pro se* motion for relief from judgment, brought pursuant to Federal Rule of Civil Procedure 60(b)(6), concerning the Court's denial of his petition for a writ of habeas corpus on May 7, 2010. The Court also denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

      To the extent that Petitioner seeks reconsideration of the Court's denial of his petition, he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

      Petitioner is also not entitled to relief under Federal Rule of Civil Procedure 60(b). Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one

of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Petitioner asserts he is entitled to relief from judgment under subsection (6) of Rule 60(b). Having considered the matter, the Court concludes that it did not err in denying the habeas petition for the reasons set forth in its opinion and that relief from judgment is not warranted due to extraordinary circumstances. Accordingly, the Court **DENIES** Petitioner's motion. This matter is closed. No further pleadings should be filed in this case.

**IT IS SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and

**Tiequan Riley**
314670
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623

by  U.S. Mail on April 28, 2011.

S/Denise Goodine
Case Manager